```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| RAREENDRAN NARAYANAN,<br><br>                    Plaintiff,<br><br>         -against-<br><br>MERRICK B. GARLAND, ATTORNEY GENERAL OF THE UNITED STATES, et al.,<br><br>                    Defendants. | 22-CV-0855 (JGK)<br><br>ORDER |

JOHN G. KOELTL, United States District Judge:

The plaintiff, who is, appearing pro se, brings this action invoking the Court's federal question jurisdiction. He paid the $402.00 filing fees for a civil action and the Court issued summonses for service on the defendants. On February 2, 2022, the same day that the plaintiff filed this action, he submitted a letter to the Court asserting the following:

> The case 22cv00855 is a habeas corpus petition but the cashier not collected $5.00, paid $402.00 only. Please kindly arrange for the change and let me pay extra $5.00 to put the case 530 - habeas corpus.

ECF No. 2. For the reasons set forth below, the Court finds that the plaintiff's submission is actually a civil complaint for which the payment of $402.00 in fees was appropriate.

## DISCUSSION

District courts have jurisdiction to entertain petitions for habeas corpus relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. § 2241(c)(3). The Supreme Court of the United States has interpreted this provision as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989). Because the plaintiff is not in custody, he cannot bring a habeas corpus petition to seek damages against the defendants for allegedly violating his rights. The plaintiff's submission must be treated as a civil complaint. Thus, the plaintiff's payment of $402.00 in fees for this civil action was appropriate.

Because the plaintiff is proceeding pro se in this matter, the Court will grant him an opportunity to withdraw this action and receive a refund of the $402.00 filing fees. If the plaintiff does not want to pursue relief in this civil action, he may notify the Court in writing within 30 days that he wishes to withdraw the complaint. If the plaintiff withdraws the complaint, the Clerk of Court will refund him the $402.00 in filing fees for this action. If the plaintiff does not inform the Court of his intent within 30 days, this action will proceed as a civil complaint and he will not receive a refund. No answer is required by the defendants, should they be served, until further notice by the Court.

## CONCLUSION

The Court finds that that the plaintiff's submission is a civil action not a habeas corpus petition. If the plaintiff does not want to pursue relief in a civil action, he may notify the Court in writing within 30 days that he wishes to withdraw the complaint.

The Clerk of Court is directed to refund the plaintiff the $402.00 in filing fees for this action if he withdraws the action.

If the plaintiff does not inform the Court of his intent within 30 days, this action will proceed as a civil complaint. In accordance with this Order, the Clerk of Court is directed to designate this matter on the docket as a civil complaint brought under 28 U.S.C. § 1331.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to the plaintiff and note service on the docket.

SO ORDERED.

Dated: February 4, 2022
      New York, New York

                                         John G. Koeltl
                                 United States District Judge