```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
―――――――――――――――――――――――――――――――

**RAVEENDRAN NARAYANAN,**

          **Petitioner,**

    - against -

**MERRICK B. GARLAND, ET AL.**

          **Respondents.**

**22-cv-855 (JGK)**

<u>ORDER</u>

―――――――――――――――――――――――――――――――

**JOHN G. KOELTL, District Judge:**

The Court is in receipt of the plaintiff's letter dated June 20, 2022. <u>See</u> ECF No. 41. The plaintiff is advised that the Court granted the extension request. A copy of the Court's Order granting the extension request is attached to this Order.

The Clerk is directed to mail a copy of this Order and its attachment to the plaintiff and to note service on the docket.

**SO ORDERED.**

**Dated:**    **New York, New York**
           **June 22, 2022**
                                      **/s/ John G. Koeltl**
                                            **John G. Koeltl**
                              **United States District Judge**



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

June 9, 2022

By ECF
Hon. John G. Koeltl
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

APPLICATION GRANTED
SO ORDERED

/s/ John G. Koeltl
John G. Koeltl, U.S.D.J.    6/10/22

Re:   *Narayanan v. Garland, et al.*,
      22 Civ. 855 (JGK) (GWG)

Dear Judge Koeltl:

     This Office represents Merrick B. Garland, in his official capacity as the Attorney General of the United States (the "Attorney General"), and Kilolo Kijakazi, in her official capacity as the Acting Commissioner of Social Security (the "Commissioner"), defendants in the above-captioned action (together, the "federal defendants"). I write to request a two-week extension of the federal defendants' time to answer or otherwise respond to the complaint, from June 13, 2022, to June 27, 2022. This is the first request for an extension in this case.[1] When this Office contacted Plaintiff to seek his consent to this request, he agreed; however, it was not clear that he fully understood the nature of our request, despite our efforts to explain it.

     I make this request because I am in the process of conferring with relevant agencies to prepare the federal defendants' submission, and, in particular, to clarify certain facts relevant to Plaintiff's allegations before responding. I note in the meantime that the principal, and possibly only, form of relief that Plaintiff appears to seek from the federal defendants is review pursuant to 42 U.S.C. § 405(g) of a September 2019 final decision by the Commissioner of Social Security, *see* Complaint ¶¶ 39-44, 140, and that claim should have been brought in the Eastern District of New York, *see* Complaint ¶ 45 (alleging that Plaintiff resides in Queens, New York); 42 U.S.C. § 405(g) (providing that an action seeking review of a final decision of the Commissioner "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business"); 28 U.S.C. § 112(c). Accordingly, the federal defendants anticipate moving to dismiss and, alternately, to transfer this case to the Eastern District.[2] The federal defendants also anticipate moving to dismiss all claims against the Attorney

---

[1] The federal defendants previously filed a letter informing the Court that this office was never served, agreeing to waive service, and asking the Court to adjust the deadline to respond to the complaint to provide the federal defendants 60 days from the date this Office first received the complaint. *See* Fed. R. Civ. P. 12(a)(2) (stating that the United States must answer a complaint "within 60 days after service on the United States attorney"); ECF No. 28.

[2] To the extent the complaint can be read to assert other claims against the federal defendants— *i.e.*, claims aside from the request for review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g)—the federal defendants also anticipate moving to dismiss

General, as the proper defendant in an action pursuant to § 405(g) is the Commissioner of Social Security.  42 U.S.C. § 405(g) (referring to the "Commissioner's answer").

Thank you for your consideration of this letter.

Respectfully,

DAMIAN WILLIAMS
United States Attorney

BY:  /s/ Mary Ellen Brennan
     MARY ELLEN BRENNAN
     Assistant U.S. Attorney
     Telephone: (212) 637-2652
     Fax: (212) 637-2750

cc: Plaintiff *Pro Se* Raveendran Narayanan (by mail)
    All other defendants (by ECF)

---

any such claims.  The majority of the allegations in the complaint appear to relate to events that occurred approximately 20 years ago or more.